[No. 6647. Decided April 22, 1907.]

R. H. Osborne, *Appellant*, v. Mary C. Osborne *et al.*,
*Respondents.*[1]

Mortgages—Deed as Mortgage—Evidence—Sufficiency. An absolute deed, executed by one of two joint makers of promissory notes, in consideration of a written release from all liability on the notes and the surrender of an individual note against him, is not shown to have been intended as a mortgage by the grantor, who claimed to be only a surety on the notes, where there is no evidence that he signed the notes as surety, and where the evidence shows that the lands were held by the grantee in trust for the other maker of the note, who assumed all liability thereon, and went into possession of the property, paid the taxes thereon, and redeemed the property by payment of the notes.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered April 30, 1906, upon findings in favor of the defendants, after a trial on .the merits
before the court without a jury, dismissing an action of ejectment. Affirmed.

*Oscar Cain* and *T. P. & C. C. Gose,* for appellant.

*Sharpstein & Sharpstein,* for respondents.

Crow, J.—This action was commenced by R. H. Osborne,
plaintiff, against Mary C. Osborne, Dollie F. Maling, Baker
& Baker, a corporation, and John W. Langdon, as administrator of the estate of O. Osborne, deceased, defendants, to
recover title to, and possession of, two hundred and eighty
acres of land in Walla Walla county. The plaintiff and O.
Osborne, now deceased, were brothers. The defendants Mary
C. Osborne and Dollie F. Maling are the widow and daughter
of O. Osborne, deceased, being his only heirs. at law. On
January 1, 1890, the plaintiff and his brother, O. Osborne,
executed and delivered their three joint and several promis-

[1]Reported in 89 Pac. 881.

sory notes for the total sum of $4,940.20. On December 7, 1891, the plaintiff executed and delivered his separate and individual note for $450. On the last-mentioned date the plaintiff, being the owner of the land in dispute, executed and delivered to the executors of the estate of D. S. Baker, deceased, his mortgage deed thereon to secure the payment of the three joint and several notes for $4,940.20 above mentioned, and his individual note for $450.

The plaintiff alleges that the three joint and several notes first mentioned were the debt and obligation of his brother, O. Osborne; that he signed the same as surety only, although his name appeared thereon as maker; that on May 24, 1899, all of the notes being past due and unpaid he, for the purpose of further securing the payment of the three joint and several notes, by warranty deed conveyed the land in dispute to the executors of the estate of D. S. Baker, deceased, who afterwards deeded the same to the defendant corporation Baker & Baker, which held it subject to the same conditions and trust upon which the executors had received it: that the consideration received by plaintiff for his warranty deed was his release from personal liability on the three joint and several notes, the surrender to him of his own note of $450, then amounting to $915.83, and the payment to him of the sum of $300 in cash; that his brother, O. Osborne, afterwards paid the three joint and several notes from the rents, issues, and profits of the land; that the land being now freed from the mortgage lien, belongs to the plaintiff, who had conveyed it as security only, and that the defendant corporation, Baker & Baker, now wrongfully claims to hold it in trust for the estate of O. Osborne, deceased.

The defendants, while admitting the execution and delivery of the notes, mortgage, and deed, and the payment of the three joint and several notes by O. Osborne, deny plaintiff's allegation that the warranty deed was intended to be a mortgage. They contend that it was executed by the plaintiff with the intention that it should be an absolute convey-

ance as against him; that he was released from personal lia-
bility on all of the notes; that the three joint and several
notes were in fact the debt of himself and O. Osborne; that
when the warranty deed was made, the title was to be held
in trust for the benefit of O. Osborne, who then assumed all
liability on the joint and several notes and afterwards paid
the same in full; that O. Osborne immediately entered into
the exclusive possession of the land; that he and his estate
have ever since been in the exclusive possession thereof, and
that the land now belongs to his estate, the plaintiff having
no interest therein. The trial court entered judgment in
favor of the defendants dismissing the action. The plaintiff
has appealed.

No question of law is raised on this appeal. The only
issue of fact involved is whether the warranty deed executed
and delivered by the appellant to the executors of D. S.
Baker, deceased, was in fact a mortgage as he now contends.
It is an absolute warranty deed upon its face. The appel-
lant, at its dates, received a consideration for its execution
and delivery, which he does not by any evidence now attack
as being either invalid or inadequate. He accepted from his
grantees a written instrument, releasing and discharging
him from personal liability on the three joint and several
notes. These notes upon their face were the obligation of
himself as well as of his brother O. Osborne. No competent
evidence has been introduced by him to show that they were
the separate obligation of O. Osborne for which he was
surety only, as he now contends. O. Osborne assumed and
paid the entire indebtedness evidenced by the three notes.
At his request the deed was secured from the appellant who
then had notice that the title was to be held in trust for
O. Osborne. The appellant has at no time since executing
the deed been in possession of, or cultivated, the land. He
has paid no taxes. He never made any claim of title, or
that his deed was a mortgage, until he commenced this action
in April, 1905, at which time O. Osborne was dead and the

joint and several notes had been fully paid. The trial court, without making separate findings, included in its final decree the following finding of fact:

"That the deed made by plaintiff to Miles C. Moore, Edwin · F. Baker, Henry C. Baker, Walla Walla Will Baker, executors of the last will and testament of Dorsey S. Baker, deceased, was intended by both the grantor and grantees as an absolute conveyance and relinquishment of all right, title and interest of said plaintiff in the land therein described and that the plaintiff is not and was not at the time of the commencement of this action the owner of, or ·in any wise interested in, the property described in plaintiff's complaint."

We think this finding is supported by the clear preponderance of the evidence, and that it sustains the final judgment, which is affirmed.

HADLEY, C. J., ROOT, FULLERTON, and MOUNT, JJ., concur.